Alberto A. **MERCADO**, Petitioner

v.

**ATTORNEY GENERAL OF the UNITED STATES,** Respondent.

No. 06–2801.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) on Sept. 12, 2007.

Filed: Oct. 11, 2007.

---

Legal Services of New Jersey, Inc., Edison, NJ, for Petitioner.

Emily A. Radford, Marion E. Guyton, John W. Blakeley, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: RENDELL, FUENTES, and CHAGARES, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Alberto Mercado ("Mercado"), a native of the Phillippines, petitions for review of a final order of removal based on the determination of the Board of Immigration Appeals ("BIA") that he committed an aggravated felony pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable . . . .") and 8 U.S.C. § 1101(a)(43)(A) (" '[A]ggravated felony' means . . . sexual abuse of a minor . . . ."). Mercado argues that his conviction for "endangering the welfare of a child" under N.J. Stat. Ann. § 2C:24–4(a) does not constitute "sexual abuse of a minor." We disagree. Accordingly, pursuant to 8 U.S.C. § 1252(a)(2)(C),[1] we will deny the petition for review.

## I. Background

We have jurisdiction to hear this appeal pursuant to 8 U.S.C. § 1252(a), as amended by the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231. *See Stubbs v. Attorney Gen.*, 452 F.3d 251, 253 n. 4 (3d Cir.2006). Further, "we have always had jurisdiction to determine our own jurisdiction by engaging in an analysis of whether an alien was convicted of a non-reviewable aggravated felony." *Id.* We review *de novo* the legal question of whether Mercado's offense is an aggravated felony. *Id.* Because we write primarily for the benefit of the parties, we will forgo a lengthy recitation of the facts.

Mercado was admitted to the United States in 1992 as a lawful permanent resident. In 1996, Mercado pled guilty in New Jersey Superior Court to a charge of

---

1. 8 U.S.C. § 1252(a)(2)(C) states that "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii) [aggravated felony]."

Endangering the Welfare of a Child in the Third Degree, in violation of N.J. Stat. Ann. § 2C:24–4(a), which states:

> Any person having a legal duty for the care of a child or who has assumed responsibility for the care of a child who engages in sexual conduct which would impair or debauch the morals of the child, or who causes the child harm that would make the child an abused or neglected child as defined in R.S. 9:6–1, R.S. 9:6–3 and P.L.1974, c. 119, § 1 (C. 9:6–8.21) is guilty of a crime of the second degree. Any other person who engages in conduct or who causes harm as described in this subsection to a child under the age of 16 is guilty of a crime of the third degree.

N.J.S.A. § 2C:24–4(a).

On September 29, 2004, the Immigration and Customs Enforcement Agency served Mercado with a notice to appear, charging him as removable for having been convicted of an aggravated felony: sexual abuse of a minor. Mercado did not dispute the factual allegations, but objected to the charge that he had been convicted of an aggravated felony. After several hearings before an Immigration Judge ("IJ"), the IJ issued a seven-page decision finding that Mercado's conviction under N.J. Stat. Ann. § 2C:24–4(a) constituted an aggravated felony. As such, Mercado was ordered removed. Mercado appealed the decision to the BIA, and on May 12, 2006, the Board affirmed. Mercado then filed a timely appeal to this Court.

## II. Discussion

On June 29, 2006, after the BIA affirmed the IJ's removal order in this case, but before appellate briefing began, our Court had occasion to address the very

question now before it: Does a conviction for "endangering the welfare of a child" under N.J. Stat. Ann. § 2C:24–4(a) constitute "sexual abuse of a minor" and thus an aggravated felony under the Immigration and Nationality Act ("INA")? In *Stubbs v. Attorney General*, 452 F.3d 251, 256 (3d Cir.2006), we held that—based on the record before us—the petitioner's conviction did not constitute an aggravated felony for INA purposes. Based on the record before us in *this* case, however, *Stubbs* compels the opposite conclusion.

In *Stubbs*, we reviewed the text of N.J. Stat. Ann. § 2C:24–4(a), determined that the statute is divisible, and concluded that it was therefore appropriate to consider the particular facts underlying the petitioner's conviction in assessing whether he had been convicted of an aggravated felony. Section 2C:24–4(a) "provides for conviction of a person who either (a) 'engages in sexual conduct which would impair or debauch the morals of the child' or (b) 'causes the child harm that would make the child an abused or neglected child as defined in [state protective-welfare statutes].'" *Id.* at 254. Looking to the charging instrument in *Stubbs*, we first found that the petitioner had been convicted under the prong of section 2C:24–4 that prohibits "engag[ing] in sexual conduct which would impair or debauch the morals of the child." *Id.* at 255. We then examined the record for evidence that the petitioner's conduct constituted "sexual abuse of a minor," as defined by the BIA,[2] and found none. *Id.* The charging instrument tracked the language of the statute of conviction and stated only that the petitioner was charged with "engag[ing] in sexual conduct which would impair or debauch the morals of a child under the age of

---

2. "In [*Matter of Rodriguez–Rodriguez*, 22 I. & N. Dec. 991 (B.I.A.1999)], the BIA defined th[e] term ['sexual abuse of a minor'] in 8 U.S.C. § 1101(a)(43)(A) by considering the definition in 18 U.S.C. § 3509(a)(8), a provision pertaining to the rights of child victims and witnesses in federal criminal cases." *Stubbs*, 452 F.3d at 255. Section 3509(a)(8)

sixteen." *Id.* We concluded that this was not enough:

> The BIA's definition of "sexual abuse of a minor" requires that a past act with a child actually occurred, while the New Jersey statute of conviction does not necessarily require that an act with a child took place. Under § 3509(a)(8), a conviction will lie only when there has been, for example, coercion or enticement of a child. In contrast to the New Jersey statute, it is not enough under § 3509(a)(8) that a person engaged in conduct that *would* coerce or entice a child (whatever that means); the enticement or coercion must have occurred.

*Id.* at 256. Thus, we "c[ould] not say with assuredness" that the petitioner's conviction under section 2C:24–4(a) constituted "sexual abuse of a minor," as defined by the BIA. *Id.*

In this case, however, we *can* say with assuredness that Mercado's conviction constituted "sexual abuse of a minor." Looking to the charging instrument, plea colloquy, and "explicit factual findings by the trial judge"—as we are permitted to do under, *inter alia, Alaka v. Attorney General,* 456 F.3d 88, 106 (3d Cir.2006)—it is clear that Mercado had sexual intercourse with a minor and thus, did "use . . . a child to engage in . . . sexually explicit conduct." *See* 18 U.S.C. § 3509(a)(8); *see also* 18 U.S.C. § 3509(a)(9)(A) (defining "sexually explicit conduct" to include, *inter alia,* actual or simulated intercourse).

First, Mercado's indictment states in relevant part:

defines "sexual abuse" to include "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children." *Id.* (quoting 18 U.S.C. § 3509(a)(8)).

3. The colloquy contains the following exchange:

*Count Two:*

The Grand Jurors of the State of New Jersey, for the County of Middlesex, upon their oaths, present that ALBERTO MERCADO, between May 1, 1995 and July 23, 1995, in the township of Woodbridge, in the County of Middlesex, aforesaid, and within the jurisdiction of this Court, did engage in sexual conduct which would impair or debauch the morals of a child under the age of 16, to wit: M.F. born July 24, 1979; contrary to the provisions of N.J.S.A. [§ ]2C:24:4a and against the peace of this state, the Government and dignity of the same.

(App. 7 (emphasis added) (quoting Indictment).) Mercado pled guilty to this count and was thus convicted of the prong of section 2C:24–4(a) directed at persons who "engage in sexual conduct which would impair or debauch the morals of a child under the age of 16"—the very same prong under which the petitioner in *Stubbs* was convicted.

Looking next to the plea colloquy, we see that Mercado admitted that the victim of the offense was under 16, and that he had engaged in sexual relations with her.[3]

Finally, at Mercado's sentencing hearing, the trial court made a factual finding that Mercado had "consensual sex" with the child victim on numerous occasions and that the victim became pregnant as a result of that sexual activity. (A.R.175.) This finding was further reflected in the court's Judgment of Conviction. (A.R.271.)

[PUBLIC DEFENDER]: Mr. Mercado, were you in Woodbridge between May 1st, 1995 and July 23, 1995?
THE DEFENDANT: Yes
[PUBLIC DEFENDER]: Do you know someone whose initials are M.F.?
THE DEFENDANT: Yes.
[PUBLIC DEFENDER]: She was living in your house at the time?
THE DEFENDANT: Yes.

Thus, the charging document reflects that Mercado pled guilty to "engag[ing] in sexual conduct which would impair or debauch the morals of a child under the age of 16"; the plea colloquy reflects that Mercado and the child had intercourse; and the trial judge made an "explicit factual finding" that Mercado and the child had consensual sex on more than one occasion, resulting in a pregnancy. It is clear that Mercado engaged in "sexual abuse of a minor," an aggravated felony under 8 U.S.C. § 1101(a)(43)(A). Accordingly, his petition must be denied.

## III. Conclusion

For the foregoing reasons, we will DENY the Petition for Review.

[PUBLIC DEFENDER]: And she was about 15 and-a-half years old at the time, correct?
THE DEFENDANT: Yes. About that.
[PUBLIC DEFENDER]: You were almost 21 years old, is that right?
THE DEFENDANT: Yes.

[PUBLIC DEFENDER]: You and M.F. engaged in sexual relations during that period of time, isn't that correct?
THE DEFENDANT: Yes, sir.
(A.R.180–81.)