

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2006

# Stubbs v. Atty Gen USA

Precedential or Non-Precedential: Precedential

Docket No. 04-4316

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Stubbs v. Atty Gen USA" (2006). *2006 Decisions.* Paper 781.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/781

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4316

JEROME STUBBS,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

Respondent

Petition for Review of an order of
the Board of Immigration Appeals
No. A46-634-722

Argued November 16, 2005

Before: BARRY, and AMBRO, <u>Circuit Judges</u>
POLLAK[*], <u>District Judge</u>

(Filed: June 29, 2006)


Thomas E. Moseley, Esquire (Argued)
One Gateway Center
Suite 2600
Newark, NJ 07102

      Counsel for Petitioner

Peter D. Keisler
   Assistant Attorney General, Civil Division
M. Jocelyn Lopez Wright
   Assistant Director
Janice K. Redfern, Esquire
Daniel Goldman, Esquire (Argued)
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044

      Counsel for Respondent

--------------------

[*]Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

2

OPINION OF THE COURT

AMBRO, Circuit Judge

Jerome Stubbs, a Jamaican national, petitions for review of a final order of removal based on the determination of the Board of Immigration Appeals ("BIA" or "Board") that he committed an aggravated felony pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) (stating that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable") and 8 U.S.C. § 1101(a)(43)(A) (stating that "'aggravated felony' means . . . sexual abuse of a minor"). For the reasons set out below, we conclude that Stubbs' conviction for "endangering welfare of children" under N.J. Stat. Ann. § 2C:24-4(a) is not "sexual abuse of a minor." We therefore grant the petition for review, vacate the order of removal, and remand to the BIA for further proceedings consistent with this opinion.

## I. Factual Background

Jerome Stubbs was born in Jamaica in 1980 and was admitted to the United States as a lawful permanent resident in 1998. In 2002, Stubbs pled guilty to one count of third-degree "endangering welfare of children" in violation of N.J. Stat. Ann. § 2C:24-4(a) and was sentenced to two years probation.[1]

---

[1] The record does not include any details of the offense other than the charge, as identified in the indictment, that Stubbs "did

3

The offense of conviction provides that

> [a]ny person having a legal duty for the care of a child or who has assumed responsibility for the care of a child who engages in sexual conduct which would impair or debauch the morals of the child, or who causes the child harm that would make the child an abused or neglected child as defined in [the New Jersey protective-welfare statutes,] is guilty of a crime of the second degree. Any other person who engages in conduct or who causes harm as described in this subsection to a child under the age of 16 is guilty of a crime of the third degree.

N.J. Stat. Ann. § 2C:24-4(a).[2]

Two years after his conviction, United States Immigration and Customs Enforcement served Stubbs with a notice to appear, charging him as removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and 8 U.S.C. § 1101(a)(43)(A) for having been convicted of the aggravated felony of sexual abuse

engage in sexual conduct which would impair or debauch the morals of a child under the age of sixteen, to wit: [child's initials], date of birth [date omitted]."

[2]"Child" is defined in N.J. Stat. Ann. § 2C:24-4(b) as a person under 16 years of age.

4

of a minor.[3]  Stubbs appeared before an Immigration Judge ("IJ") and admitted the factual allegations in the notice to appear, but denied removability.  On June 16, 2004, the IJ found Stubbs removable as an aggravated felon.  The IJ considered the statute of conviction and the charging instrument and determined that Stubbs' offense came within the definition of "sexual abuse of a minor" articulated by the BIA in *In re Rodriguez-Rodriguez*, 22 I. & N. Dec. 991 (B.I.A. 1999), thus making the offense an aggravated felony under 8 U.S.C. § 1101(a)(43)(A).

Stubbs appealed the IJ's order of removal to the BIA and it affirmed.  It considered Stubbs' record of conviction, specifically the charging instrument, and held that "[i]nasmuch as [Stubbs] engaged in sexual conduct with a child under the age of 18, [his] criminal activity clearly falls within [the] definition of sexual abuse of a minor provided by the Board in [*Rodriguez-Rodriguez*]."  Stubbs now petitions for review to us.[4]

---

[3]In March 2003, the relevant functions of the Immigration and Naturalization Service were transferred into the new Department of Homeland Security and reorganized into Immigration and Customs Enforcement (ICE).  *See* Homeland Security Act of 2002, Pub. L. No. 107-296, §§ 441, 451, 471, 116 Stat. 2135 (2002); 6 U.S.C. §§ 271- 298.

[4] We have jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a).  While under 8 U.S.C. § 1252(a)(2)(C) "no court shall have jurisdiction to review any

## II. Discussion

Under the Immigration and Nationality Act ("INA"), "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). "The term 'aggravated felony' means," *inter*

---

final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii) [aggravated felony]," we have always had jurisdiction to determine our own jurisdiction by engaging in an analysis of whether an alien was convicted of a non-reviewable aggravated felony. *Singh v. Ashcroft*, 383 F.3d 144, 150 (3d Cir. 2004); *Drakes v. Zimski*, 240 F.3d 246, 247 (3d Cir. 2001). Moreover, with the passage of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, Congress restored, even for aliens convicted of an aggravated felony, our jurisdiction over "constitutional claims and questions of law presented in petitions for review of final removal orders." *Papageorgiou v. Gonzales*, 413 F.3d 356, 358 (3d Cir. 2005) (citing 8 U.S.C. § 1252(a)(2)(D) ("Nothing in . . . any other provision of this chapter . . . which limits or eliminates judicial review . . . shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.")). We review *de novo* the legal question of whether Stubbs' offense is an aggravated felony "[b]ecause we are determining a purely legal question, and one that governs our own jurisdiction." *Valansi v. Ashcroft*, 278 F.3d 203, 207 (3d Cir. 2002).

*alia*, "murder, rape, or sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). Stubbs argues that (1) the BIA erred by considering the charging instrument and thus failing to limit its analysis to the statute of conviction in accordance with the "formal categorical approach," and (2) his offense under N.J. Stat. Ann. § 2C:24-4(a) does not constitute "sexual abuse of a minor" for purposes of 8 U.S.C. § 1101(a)(43)(A). We conclude that, although the BIA's departure from the categorical approach was appropriate here, it erroneously read the statute of conviction as satisfying its own interpretation of "sexual abuse of a minor."

## A. The Categorical Approach

The parties dispute whether the BIA properly considered the charging instrument or whether its analysis should have been limited to the statute of conviction in accordance with the "categorical approach" announced in *Taylor v. United States*, 495 U.S. 575 (1990). This approach prohibits consideration of evidence other than the statutory definition of the offense, thus precluding review of the particular facts underlying a conviction. *Singh v. Ashcroft*, 383 F.3d 144, 147-48 (3d Cir. 2004). As a practical matter, application of the "categorical approach" would exclude consideration of the charging instrument in the record or any other evidence about the specifics of Stubbs' conduct.

The "categorical approach" is presumptively applied in

7

assessing whether an alien has been convicted of an aggravated felony. *Francis v. Reno*, 269 F.2d 162, 171 (3d Cir. 2001). This approach does not, however, apply when either the terms of "the federal statute enumerating categories of crimes . . . (the 'enumerating statute'), [or] the criminal statute of conviction . . . (the 'statute of conviction')" invite further inquiry into the facts. *Singh*, 383 F.3d at 161. In either context, the IJ, the BIA, and our Court are permitted to abandon the constraints of the "categorical approach" and consider the charging instrument and the plea colloquy for additional information regarding the offense. *See e.g., Singh*, 383 F.3d at 163 (considering "the charging instrument" or "a formal guilty plea"); *Valansi v. Ashcroft*, 278 F.3d 203, 214 (3d Cir. 2002) (considering offense as charged in the indictment and statements during the plea colloquy).[5] Our Court has held that the "enumerating statute" in this case, 8 U.S.C. § 1101(a)(43)(A), does not invite further inquiry and thus does not demand the abandonment of the "categorical approach." *Singh*, 383 F.3d at 164 (holding that "sexual abuse of a minor" in the INA does not invite further inquiry). The remaining question is whether the New Jersey statute pursuant to which Stubbs was convicted (the "statute of conviction") invites further inquiry into the facts. We hold that

---

[5]We need not decide whether, even in cases where it is appropriate to abandon the categorical approach, we should ever extend our "inquiry beyond a charging instrument or a formal plea." *Singh*, 383 F.3d at 163 ("leav[ing] for another day the question whether statutes phrased in the disjunctive invite such inquiry beyond a charging instrument or a formal plea").

it does.

The categorical approach is inappropriate when the "disjunctive phrasing of the statute of conviction . . . invite[s] inquiry into the specifics of the conviction." *Id*. at 148. Specifically, "where some variations of the crime of conviction meet the aggravated-felony requisites and others do not, we have . . . allowed further inquiry to see which variation was actually committed." *Id*. at 162; *see also Valansi*, 278 F.3d at 214 (underlying facts should be considered when "some, but not all, of the convictions under [the statute of conviction] qualify as [an] offense under [the enumerating statute]"). Stubbs argues that his "statute of conviction" (N.J. Stat. Ann. § 2C:24-4(a)) is not phrased "in the disjunctive in any relevant way," and thus the BIA erred in moving beyond the statute of conviction and examining the charging instrument in the record. *See Singh*, 383 F.3d at 163. We disagree.

To repeat, N.J. Stat. Ann. § 2C:24-4(a) provides for conviction of a person who either (a) "engages in sexual conduct which would impair or debauch the morals of the child" or (b) "causes the child harm that would make the child an abused or neglected child as defined in [state protective-welfare statutes]." A conviction could lie under this statute for "willfully failing to provide proper and sufficient food" for a child pursuant to N.J. Stat. Ann. § 9:6-1, one of the enumerated protective-welfare statutes. This offense would hardly constitute "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A). The BIA was

9

therefore correct in concluding further inquiry was justified, as it was "unclear from the face of the statute in this case, which includes conduct which both may and may not involve sexual abuse of a minor, exactly which variation of the statute the respondent was convicted of violating." *In re Stubbs*, No. A-46634722 (B.I.A. Nov. 9, 2004). Accordingly, the BIA's examination of the charging instrument was appropriate, and it correctly concluded that Stubbs was convicted under the prong of N.J. Stat. Ann. § 2C:24-4(a) that prohibits "engag[ing] in sexual conduct which would impair or debauch the morals of the child."

## B. Sexual Abuse of a Minor

Having determined that the BIA properly considered the charging instrument in addition to the statute of conviction, we turn to whether "engag[ing] in sexual conduct which would impair or debauch the morals of the child" pursuant to N.J. Stat. Ann. § 2C:24-4(a) constitutes "sexual abuse of a minor" under the INA. We conclude that the answer is no.

### 1. The criminal record does not support "sexual abuse of a minor."

According to the Board, the charging instrument indicated Stubbs had "engaged in sexual conduct . . . *with a child* under the age of 16" (emphasis added). The Board concluded that, "[i]nasmuch as the respondent engaged in sexual

10

conduct *with a child*," his conduct satisfied the definition of "sexual abuse of a minor" (emphasis added).  The charging instrument actually states, however, in language tracking the statute of conviction, only that Stubbs was charged with "engag[ing] in sexual conduct which would impair or debauch the morals of a child under the age of sixteen, to wit: [child's initials], date of birth [date omitted]."  Neither the statute of conviction nor the charging document alleges that Stubbs engaged in this "sexual conduct" *with* the child.  Due to this misreading of the charging document's description of Stubbs' conduct, we cannot conclude that it was "sexual abuse of a minor."

<blockquote>

2.      Stubbs' conviction fails to fit the BIA's definition of "sexual abuse of a minor."

</blockquote>

Moreover, Stubbs' conviction fails to satisfy the BIA's definition of "sexual abuse of a minor."  In *Rodriguez-Rodriguez*, the BIA defined this term in 8 U.S.C. § 1101(a)(43)(A) by considering the definition in 18 U.S.C. § 3509(a)(8), a provision pertaining to the rights of child victims and witnesses in federal criminal cases.[6] *Rodriguez-Rodriguez*,

---

[6]The Board did not adopt § 3509(a)(8) as "a definitive standard or definition but invoke[d] it as a guide in identifying the types of crimes [the BIA] would consider to be sexual abuse of a minor." *Rodriguez-Rodriguez*, 22 I. & N. Dec. at 996.

11

22 I. & N. Dec. at 995. Section 3509(a)(8) defines "sexual abuse" to include "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct [7] or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children." Even if we assume, without deciding, that the BIA's interpretation is permissible, Stubbs' offense does not qualify.

The BIA's definition of "sexual abuse of a minor" requires that a past act with a child actually occurred, while the New Jersey statute of conviction does not necessarily require that an act with a child took place. Under § 3509(a)(8), a conviction will lie only when there has been, for example,

---

[7]"Sexually explicit conduct" is defined as
> actual or simulated . . . sexual intercourse . . . ; sexual contact [, which] means the intentional touching, either directly or through clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify sexual desire of any person; bestiality; masturbation; lascivious exhibition of the genitals or pubic area of a person or animal; or sadistic or masochistic abuse.

18 U.S.C. § 3509(a)(9).

"Child" is defined as a person under age 18. 18 U.S.C. § 3509(a)(2).

12

coercion or enticement of a child. In contrast to the New Jersey statute, it is not enough under § 3509(a)(8) that a person engaged in conduct that *would* coerce or entice a child (whatever that means); the enticement or coercion must have occurred. Here, there is no way to know from the statute of conviction whether any coercion or enticement to engage in sexually explicit conduct actually happened. Indeed, the Supreme Court of New Jersey has determined that the

> statute does not appear to require that the State demonstrate that the defendant "forced or induced" the child to submit to the act that tends to debauch the child, as required by [an] earlier statute . . . . The deletion of the "forced or induced" language from the statute's present version suggests that there no longer need be any force or inducement.

*State v. Hackett*, 764 A.2d 421, 428 (N.J. 2003) (holding that "mere nudity repeatedly presented at a window can constitute endangering the welfare of children if the other elements of the endangering crime are met"). Consequently, we cannot say with assuredness that conduct under the New Jersey statute constitutes "employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct."

* * * *

13

Because the BIA misread the record, and in any event Stubbs' statute of conviction does not satisfy the Board's definition of "sexual abuse of a minor," we cannot conclude that he has committed an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(A). We therefore grant the petition for review, vacate the order of removal, and remand to the BIA for further proceedings consistent with this opinion.