

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-13-2007

# Ijalana v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4890

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Ijalana v. Atty Gen USA" (2007). *2007 Decisions.* Paper 73.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/73

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4890

ABAYOMI JAMES IJALANA,
                              Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
                              Respondent

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
Agency No. A46-651-258
Immigration Judge: Annie Garcy

Submitted Under Third Circuit LAR 34.1(a)
November 27, 2007

Before: BARRY, FUENTES and GARTH, Circuit Judges

(Filed: December 13, 2007 )

OPINION

BARRY, Circuit Judge

Abayomi James Ijalana petitions for review of a final order of removal entered on

October 3, 2005 by the Board of Immigration Appeals ("BIA") based on the BIA's

affirmance of a decision of an immigration judge (the "IJ") that petitioner committed an

aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). For the reasons that follow, we

will deny the petition.

## I. Factual History

Petitioner is a native and citizen of Nigeria who has resided in the United States as

a lawful permanent resident since his arrival here in 1998. In January 2005, he pled guilty

in the Superior Court of New Jersey to one count of criminal sexual contact in violation

of N.J.S.A. 2C:14-3 and was sentenced to three years of probation. The accusation, in

lieu of an indictment, provided as follows: "ABAYOMI IJALANA . . . did commit an act

of sexual contact with T.O. when T.O. was at least 13 but less than 16 years old and

Abayomi Ijalana was at least 4 years older than T.O." (J.A. 35.)

In April 2005, the government initiated a removal proceeding by serving petitioner

with a Notice to Appear ("NTA") charging him with violating 8 U.S.C. §

1227(a)(2)(A)(iii), which provides for the removal of aliens who have committed an

"aggravated felony," as that phrase is defined in 8 U.S.C. § 1101(a)(43). The government

contended that the "aggravated felony" that petitioner had committed was "sexual abuse

of a minor," one of the enumerated, but undefined, aggravated felonies listed in §

1101(a)(43).

The IJ conducted a hearing on May 25, 2005 and June 1, 2005, at which time

petitioner admitted the conviction but argued that it did not constitute an aggravated felony. The IJ found, however, that the accusation made clear that the victim was a minor and that, consequently, petitioner had been convicted of an aggravated felony for purposes of 8 U.S.C. § 1227(a)(2)(A)(iii). Petitioner timely appealed the IJ's decision to the BIA, which dismissed his appeal on October 3, 2005, without opinion. He now petitions for review.

## II. Jurisdiction and Standard of Review

Although 8 U.S.C. § 1252(a)(2)(C) strips us of jurisdiction to review an order of removal based on a petitioner's commission of a criminal offense named in, among others, 8 U.S.C. § 1227(a)(2)(A)(iii), our jurisdiction is restored for purposes of reviewing any "constitutional claims or questions of law" that are raised in a petition. 8 U.S.C. § 1252(a)(2)(D). We have held that the type of question presented in the petition before us—whether a particular offense constitutes an aggravated felony—is one of law that we have jurisdiction to review. *Jarbough v. Atty. Gen.*, 483 F.3d 184, 189 (3d Cir. 2007). In answering this question, we need not defer to the BIA's determination of whether the crime at issue constitutes an aggravated felony. *Singh v. Ashcroft*, 383 F.3d 144, 151 (3d Cir. 2004).

## III. Discussion

In order to determine whether Congress intended the phrase "sexual abuse of a minor" to include conduct punishable under a particular state statute, we employ the

"formal categorical approach" enunciated by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 600-02 (1990), which requires us to compare the statutory definition of the crime of conviction against the more generic definition in 8 U.S.C. § 1101(a)(43). Under this approach, we first ask whether all of the conduct proscribed in the statute of conviction, rather than the conduct proscribed in the particular sub-section the petitioner was convicted of performing, categorically constitutes "sexual abuse of a minor." If some of the conduct proscribed in the statute of conviction falls within the category of "sexual abuse of a minor," but some conduct does not—i.e., if there is no categorical match—only then may we look beyond the statutory definition and take into account the facts underlying the conviction to determine whether the specific crime at issue constitutes "sexual abuse of a minor." *Stubbs v. Atty. Gen.*, 452 F.3d 251, 254-55 (3d Cir. 2006). We have previously held that in taking into account such facts, we are limited to considering the charging instrument and the plea colloquy. *Id.*

As the government concedes, two of the crimes proscribed in petitioner's statute of conviction plainly do not constitute "sexual abuse of a minor" because they do not require the victim to be a minor.[1] Consequently, because it is "unclear from the face of the

---

[1] A person may be convicted of a crime under the same statute of which petitioner was convicted if he or she "commits an act of sexual penetration with another person" and either (1) "[t]he actor uses physical force or coercion, but the victim does not sustain severe personal injury" or (2) "[t]he victim is on probation or parole, or is detained in a hospital, prison or other institution and the actor has supervisory or disciplinary power over the victim by virtue of the actor's legal, professional or occupational status." N.J.S.A. 2C:14-2(c)(1)-(2).

4

statute in this case, which includes conduct which both may and may not involve sexual abuse of a minor, exactly which variation of the statute the respondent was convicted of violating," we must turn to the charging instrument. *Id.* at 255 (internal quotations marks and citation omitted).

As quoted at the outset, petitioner pleaded guilty to an accusation, which provided as follows: "ABAYOMI IJALANA . . . did commit an act of sexual contact with T.O. when T.O. was at least 13 but less than 16 years old and Abayomi Ijalana was at least 4 years older than T.O." (J.A. 35.) Because the statute of conviction was overinclusive in that not all of the conduct it proscribes constitutes sexual abuse of a minor, the only remaining question is whether the crime of which petitioner was actually convicted constitutes sexual abuse of a minor.

We are satisfied that the crime of which petitioner was convicted constituted "sexual abuse of a minor" for purposes of 8 U.S.C. § 1101(a)(43)(A). "Sexual abuse" is generally understood to include "[a]n illegal sex act, esp[ecially] one performed against a minor by an adult." Black's Law Dictionary 10 (8th ed. 2004). Central to this definition is the concept that children of a certain age are incapable, as a matter of law, of consenting to participation in sexual activity with an adult. *See, e.g., Mugalli v. Ashcroft*, 258 F.3d 52, 59 n.6 (2d Cir. 2001). Because petitioner admitted to engaging in sexual activity with a minor—at least 13 but less than 16—while he was at least four years older than her, he committed the "aggravated felony" of "sexual abuse of a minor."

5

For the foregoing reasons, we will deny the petition for review.