

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2009

# Ferreira-Arias v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1500

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"Ferreira-Arias v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1458.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1458

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-1500

EDINSON EMILIO FERREIRA-ARIAS,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A42-092-711
(U.S. Immigration Judge:  Honorable Andrew Arthur)

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 22, 2009

Before:  SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges.

(Filed: April 29, 2009  )

OPINION OF THE COURT

PER CURIAM.

Edinson Emilio Ferreira-Arias petitions for review of an order of the Board of

Immigration Appeals.  We will deny the petition.

Ferreira-Arias, a native and citizen of the Dominican Republic, arrived in the United States in 1989. In 2002, he was convicted in Delaware state court of unlawful sexual contact in the second degree, in violation of 11 Del. C. § 768. On January 7, 2003, the government issued a Notice to Appear, charging Ferreira-Arias with being removable under INA § 237(a)(2)(A)(iii) as an alien convicted of an aggravated felony. (A.R. 155.) Ferreira-Arias conceded that he was removable, but contested the characterization of the offense as an "aggravated felony," and sought cancellation of removal under INA § 240A. The Immigration Judge ("IJ") determined that Ferreira-Arias was removable as charged and that he was ineligible for cancellation of removal under INA § 240A(a)(3), which renders ineligible any person convicted of an aggravated felony. On January 22, 2008, the BIA dismissed Ferreira-Arias' appeal, concluding that the IJ properly determined that petitioner was ineligible for cancellation of removal based on his aggravated felony conviction. Ferreira-Arias timely filed a petition for review, which the government moves to dismiss for lack of jurisdiction.

We generally lack jurisdiction to review final orders of removal against an alien who is removable by reason of having committed an aggravated felony, but we have jurisdiction to decide constitutional claims or questions of law raised in a petition for review. 8 U.S.C. § 1252(a)(2)(C)-(D). The government argues that we lack jurisdiction over Ferreira-Arias' petition because petitioner has not raised a question of law. We read petitioner's brief differently, as asserting *only* a question of law, namely, whether the

2

offense for which he was convicted is an aggravated felony. Henry v. Bureau of Immig. and Customs Enforcement, 493 F.3d 303, 306 (3d Cir. 2007) (whether a crime constitutes an aggravated felony is a question of law within our subject matter jurisdiction). Accordingly, we will deny the government's motion to dismiss and review Ferreira-Arias' petition for review. We review questions of law de novo. Bobb v. Att'y Gen., 458 F.3d 213, 217 (3d Cir. 2006).

In his petition, Ferreira-Arias asserts that the offense for which he was convicted is not an aggravated felony. He also seeks cancellation of removal, which is available only to an alien who, among other things, has not been convicted of an aggravated felony. 8 U.S.C. § 1229b(a)(3). Accordingly, if we determine that Ferreira-Arias was convicted of an aggravated felony, we necessarily decide that he is ineligible for cancellation of removal.

An alien convicted of an aggravated felony is removable. 8 U.S.C. § 1227(a)(2)(A)(iii). Aggravated felonies under the INA § 101(a)(43)(A) include "sexual abuse of a minor," but the INA does not define "sexual abuse of a minor." The BIA has determined that an offense may qualify as "sexual abuse of a minor" under section § 101(a)(43)(A) of the Act if it involves conduct defined in 18 U.S.C. § 3509(a)(8). See Matter of Rodriguez-Rodriguez, 22 I. & N. Dec. 991 (BIA 1999).[1]

_____

[1]In his appellate brief, petitioner challenges the BIA's adoption of the definition of "sexual abuse" contained in § 3509(a), but he does not contend that the BIA's

(continued...)

3

The question before us is whether the statute under which Ferreira-Arias was convicted constitutes an aggravated felony. "The 'categorical approach' is presumptively applied in assessing whether an alien has been convicted of an aggravated felony." Stubbs v. Att'y Gen., 452 F.3d 251, 254 (3d Cir. 2006). Under the categorical approach, we look to the elements constituting the offense, not the particular defendant's conduct, when determining whether an offense constitutes an aggravated felony. Evanson v. Att'y Gen., 550 F.3d 284, 290 (3d Cir. 2008) ("A formal categorical approach prohibits us from any review of the factual basis for an underlying conviction.") The only exception to applying this approach is when either the INA or the state statute under which the petitioner was convicted invites further inquiry into the facts. Stubbs, 452 F.3d at 254. We have previously determined that the aggravated felony of "sexual abuse of a minor" in the INA does not invite further inquiry. Singh v. Ashcroft, 383 F.3d 144, 164 (3d Cir. 2004). Under 11 Del. C. § 768, "A person is guilty of unlawful sexual contact in the second degree when the person intentionally has sexual contact with another person who

_____

[1](...continued)
interpretation is unreasonable. (Appellant's br., 7.) Instead, petitioner contends that each individual immigration judge has the authority to make a "separate determination" of whether "sexual abuse of a minor" under the INA should be defined with reference to 18 U.S.C. § 3509. This argument lacks merit because it confuses the process of determining whether a particular statute constitutes "sexual abuse of a minor" under the INA with the question–already decided by the BIA–of whether "sexual abuse of a minor" under the INA has the meaning defined in § 3509. We further note that our sister circuits have upheld the reasonableness of the BIA's adoption of the definition of "sexual abuse" contained in § 3509(a). See, e.g., James v. Mukasey, 522 F.3d 250, 254 (2d Cir. 2008); Gattem v. Gonzales, 412 F.3d 758, 764-67 (7th Cir. 2005).

4

is less than 16 years of age or causes the victim to have sexual contact with the person or a third person." Both types of conduct punishable under this statute amount to sexual abuse of a minor under the INA, and therefore, the statute does not invite further inquiry into the facts. Cf. Stubbs, 452 F.3d at 254.

In Singh, we determined that a violation of 11 Del. C. § 767, which defines unlawful sexual contact in the third degree, did not constitute "sexual abuse of a minor" under the INA because § 767 does not require a finding of the age of the victim. 383 F.3d at 153. In contrast, § 768 requires that the victim be less than 16 years of age.[2] Therefore, under the categorical approach, Ferreira-Arias' violation of the statute constitutes "sexual abuse of a minor" under INA § 101(a)(43)(A). As a result, the BIA correctly concluded that Ferreira-Arias committed an aggravated felony and that he is ineligible for cancellation of removal.

We will deny the petition for review. We also deny the government's pending motion to dismiss.

---

[2]Ferreira does not dispute that a person "under 16 years of age" is a "minor."