OPINION
PER CURIAM.
Akintoye Omatsola Laoye appeals from the BIA’s final order of removal for failure to maintain his F-l student status. He is a native and citizen of Nigeria who entered this country in 1996 as a J-2 non-immigrant exchange visitor. He adjusted to F-1 nonimmigrant student status when he began college studies at Monmouth University in New Jersey in 1998. In 2004, the Department of Homeland Security (DHS) charged Laoye with removal based on his conviction of an aggravated felony in October 2003 (for endangering the life of a child under N.J.S.A. 2C:24-4(a)). Laoye was placed in ICE detainment from February 2004 through July 2006. In 2007, the Government conceded that it could not sustain the aggravated felony removal charge in light of our decision in Stubbs v. Att’y Gen., 452 F.3d 251 (3d Cir.2006),[1] and the IJ made a finding to that effect. (AR 100-101.)
After Stubbs was decided, however, the DHS brought new removal charges pursuant to INA § 237(a)(1)(C)(i), alleging that Laoye failed to maintain his F-l student status, including the two and one-half year period in which Laoye was in ICE detainment on the unsustainable removal charge. Specifically, the DHS charged that Laoye failed to attend Monmouth University in the Fall semester of 2002 and that he had not attended college after 2003. (AR 129-130.) It submitted a letter from an Assistant General Counsel at Monmouth University dated June 1, 2006, confirming Laoye’s lapse in attendance. (AR 123.) Laoye was represented by counsel, John J. Garzón, Esq. Laoye’s removal proceeding was continued pending his pursuit of reinstatement at Monmouth University and an adjustment of status by means of an 1-130 petition. In October 2006, Laoye’s wife filed a new 1-130 petition (a previous petition had been denied), which was terminated in March 2007. By April 2007, Laoye’s reinstatement application had been denied and his appeal was pending.[2] At the September 2007 removal hearing, Garzón conceded that Laoye was not in status as a non-immigrant F-l visitor in 2002 and “since 2003.”[3] (AR 95 & 103.) Garzón informed the IJ that Laoye would not be filing an application for asylum, withholding of removal or CAT relief. (Id.) The IJ found that Laoye was “out of status” for part of 2002 and “since 2003,” based on Laoye’s admission to the DHS charge and Monmouth University’s June 2006 letter. (Id. at 103-104.) Thus, the IJ found that Laoye was removable as an “out of status” F-l student. (AR 109.) The IJ continued the matter to February 2008, however, pending confirmation of Laoye’s reinstatement status and regarding the termination of his 1-130 petition. (AR 104-105.)
Laoye appeared pro se at the February 2008 removal hearing, informing the IJ that Garzón was not present because Laoye could not come up with the money *716 to retain him. (AR 108.) The IJ proceeded with the hearing. Laoye submitted Garzon’s entire file on the matter, which included, among other things, a letter from Monmouth University dated February 2, 2004, denying Laoye’s appeal of the University’s decision to suspend him for the 2004 Spring semester and informing him that he could return as a student in May 2004. (AR 121-122.) After reviewing Laoye’s submissions, the IJ found that Laoye had no relief because he was an out of status student. (AR 55 & 109.) The IJ denied voluntary departure as a matter of discretion and ordered deportation to Nigeria. (AR 56.)
The BIA dismissed Laoye’s pro se appeal. It agreed with the IJ that Laoye’s admission to the removal charge and the University’s June 1, 2006 letter established clear and convincing evidence that Laoye was in violation of his non-immigrant student status. (BIA Op., AR 2.) Thus, the BIA agreed that Laoye vras removable under INA § 237(a)(l)(C)(i). (Id.) Laoye argued that the IJ erred in ruling against him because he was already back at school at the time of the hearing and he was working on his reinstatement. Moreover, he contended that he could show that he was enrolled in classes for 2002 but could not attend due to medical problems. He submitted a letter from Monmouth University dated February 29, 2008, stating that he was currently enrolled for the 2008 Spring semester and was attending classes. (AR 14.) The letter also indicated that the University viewed F-l reinstatement as unnecessary in light of Laoye’s pending 1-130 petition. (Id.) The BIA rejected Laoye’s arguments, holding that he was not eligible for reinstatement because he had been out of status since 2003, well beyond the five months allowed under 8 C.F.R. § 214.2(f)(16)(i)(A), and he failed to show that he was otherwise eligible. (BIA Op., AR 3.) The BIA ruled that remand was not necessary for the IJ’s consideration of Monmouth University’s 2008 letter because Laoye failed to file a motion to reopen for that purpose and because the letter indicated that the University had not reinstated Laoye. (Id.) The BIA also held that the IJ did not abuse his discretion in proceeding with the removal hearing where Laoye’s attorney had filed a motion to withdraw a day earlier and did not appear. (Id.) The BIA noted that Laoye failed to comply with the conditions for a claim for ineffectiveness of counsel under Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988). (Id.) The BIA rejected Laoye’s argument that he was eligible for adjustment of status, noting that there was no record evidence that Laoye appealed the denial of his wife’s first 1-130 petition in July 2005. (Id.) The BIA declined to address Laoye’s arguments regarding the aggravated felony removal charge because the IJ did not find Laoye removable under INA § 237(a)(2)(A)(iii). (Id. at 3.) Laoye filed a timely petition for review pro se.
We have jurisdiction to review a final order of removal of the BIA under 8 U.S.C. § 1252(a)(1). Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir.2001). “[Wjhen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ’s decision, we have authority to review the decisions of both the IJ and the BIA.” Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir.2004). We review a decision on deportability for reasonable, substantial, and probative evidence. See 8 U.S.C. § 1229a(c)(3)(A).
An F-l student is admitted into the United States for the period in which he pursues a full course of studies at an educational institution approved by the DHS. See 8 C.F.R. § 214.2(f)(5) (defining “duration of status”). An F-l student is considered to be maintaining his F-l status if he *717 is making normal progress toward completing a course of study. Id. If a student falls out of status (i.e., he is no longer attending school), he may seek reinstatement from the district director, provided he has not been out of status for more than five months or he demonstrates that the failure to request reinstatement within five months was due to exceptional circumstances and that he filed the request for reinstatement as promptly as possible. See 8 C.F.R. § 214.2(f)(16)(i)(A). The student also has to meet five other criteria before he can be reinstated. See §§ 214.2(f)(i)(16)(B)(F). Neither the IJ nor the BIA has authority to reinstate F-l status or to review the DHS’s decision denying reinstatement. See Matter of Yazdani, 17 I. & N. Dec. 626, 628-29 (BIA 1981).
Substantial record evidence supports the BIA’s conclusion that the DHS met its burden of showing that Laoye was deportable as an “out of status” F-l student. The BIA based its decision on Laoye’s admission to the DHS’s charge that he had not attended classes at Monmouth University since 2003, which is supported by the University’s letter detailing Laoye’s absence from college for the same time period. Both of Amanda Laoye’s I-130 petitions were denied and Laoye’s application for reinstatement was denied. Absent record evidence showing that Laoye was eligible for these forms of relief, the BIA properly affirmed the IJ’s final order of removal.
In his petition for review, Laoye contends that his absence from college in the Fall of 2002 was approved by the University for medical reasons and thus, he was not “out of status” for that time period. He says that he did not attend college in 2003 because he was suspended. Laoye points to memoranda from the University allegedly corroborating his claim. Neither Laoye’s arguments nor his supporting documents were submitted to the IJ or the BIA. The claims are not exhausted and, thus, this Court has no jurisdiction to consider them. See Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir.2003) (holding that this Court lacks jurisdiction to review arguments not raised before the BIA because they are not exhausted). Because the documents are not in the administrative record, this Court cannot review them. Laoye must first file a motion to reopen before the IJ or the BIA.
Laoye also claims that he is eligible for reinstatement under 8 C.F.R. § 214.2(f)(16)(i)(F) because his mandatory detention by ICE from February 2004 to July 2006 prevented him from maintaining his college studies due to circumstances beyond his control. Indeed, it appears that Monmouth University was willing to take him back as a student in May 2004, while he was in ICE detention. Although we are not unsympathetic to this claim, we lack jurisdiction to consider it because Laoye has not exhausted it in immigration court or in the BIA. See Abdulrahman, 330 F.3d at 594-95. Thus, why the DHS continues to press Laoye for failing to keep up his college studies while he was in ICE detention—based solely on a removal charge that the DHS later conceded was not sustainable—is not properly before us today.
Laoye also maintains that he has recently re-applied for F-l status.[4] As for this petition for review, however, the record only includes the DHS’s denial of the 2006 reinstatement application. There is no rec *718 ord evidence that Laoye (or the University on his behalf) had reapplied for F-l status.[5] The Board’s decision cannot be faulted based on the record it had before it.
Upon careful and thorough review of Laoye’s petition for review, we conclude that his remaining arguments lack merit. Accordingly, we will deny the petition for review. Laoye’s motion for leave to file a supplemental appendix and the DHS’s motion to strike are denied.

. In Stubbs, we held that a conviction under N.J.S.A. 2C:24-4(a) is insufficient to constitute “sexual abuse of a minor” under the INA.

. Laoye's reinstatement application is not in evidence and there is no record evidence of the outcome of his appeal. Laoye does not claim that his reinstatement appeal was granted.

.At the same hearing, the DHS conceded that the aggravated felony removal charge for which Laoye was detained for two and one-half years was unsustainable.

. Laoye also argues that so long as the DHS retains possession of his passport, he will be unable to comply with the reinstatement process. (See Informal Brief at 3.)

. The 2006 reinstatement application and documentation of the DHS's reasons for denial are not in the record.