NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 09-1359

———


JOSE NESTOR PANESSO RAMIREZ,
                    Petitioner
                        v.

ATTORNEY GENERAL OF THE UNITED STATES,
                    Respondent


———


On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A041-382-884)
Immigration Judge: Honorable Annie S. Garcy


———


Submitted Under Third Circuit LAR 34.1(a)
April 13, 2010

Before: SLOVITER, NYGAARD, Circuit Judges, and RESTANI,* Judge

(Filed: April 20, 2010)

———

OPINION

RESTANI, *Judge.*

        Petitioner, Jose Nestor Panesso Ramirez, petitions for review of a final order of

_____

        * Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

removal based on the determination of the Board of Immigration Appeals ("BIA") that he committed an aggravated felony pursuant to 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1101(a)(43)(A). For the reasons that follow, we will deny the petition for review.

Jose Panesso, a native of Colombia, was admitted to the United States as a permanent resident in July 1989. In April 2000, he pled guilty to endangering the welfare of children under New Jersey Criminal Code 2C:24-4(a), which provides in pertinent part, that "[a]ny person having a legal duty for the care of a child or who has assumed responsibility for the care of a child who engages in sexual conduct which would impair or debauch the morals of the child . . . is guilty of a crime." N.J. Stat. Ann. § 2C:24-4(a). During his plea colloquy, Panesso admitted that he had "a sexual relation with" a fourteen-year-old girl. (AR 418.)

In February 2008, the Department of Homeland Security ("DHS") charged Panesso with removability. The Immigration Judge ("IJ") granted Panesso's application for cancellation of removal because it found that Stubbs v. Attorney General., 452 F.3d 251 (3d Cir. 2006), held that a conviction under N.J. Stat. Ann. 2C:24-4(a) is not a conviction of the aggravated felony of "sexual abuse of a minor" under the Immigration and Nationality Act ("INA"), which would preclude relief from removal.[1] The BIA vacated the IJ's decision because it determined that Stubbs requires a court to look to the

---

[1] The INA provides for the deportation of "[a]ny alien who is convicted of an aggravated felony at any time after admission." 8 U.S.C. § 1227(a)(2)(A)(iii). Aggravated felony is defined as "murder, rape, or sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A).

2

criminal record to determine whether a N.J. Stat. Ann. 2C:24-4(a) conviction constitutes an aggravated felony under the INA. The BIA did so and found that Panesso's conviction, in conjunction with his admission during his plea colloquy, constituted "sexual abuse of a minor" for purposes of the INA and ordered Panesso removed from the United States.[2] Panesso timely filed a petition for review to this Court.

This Court has jurisdiction over final orders of removal pursuant to 8 U.S.C. § 1252(a), as amended by the REAL ID Act of 2005, 8 U.S.C. § 1778. Stubbs, 452 F.3d at 253 n.4. Although 8 U.S.C. § 1252(a)(2)(c) specifically prohibits any court from exercising jurisdiction over a removal by reason of having committed an aggravated felony, "we have always had jurisdiction to determine our own jurisdiction by engaging in an analysis of whether an alien was convicted of a non-reviewable aggravated felony." Id. The legal question of whether Panesso's offense is an aggravated felony is reviewed de novo. Id.

Stubbs held that the BIA's inquiry beyond the statute of conviction of the facts alleged in the charging instrument "was justified" because N.J. Stat. Ann. 2C:24-4(a) includes conduct "which both may and may not involve sexual abuse of a minor." Id. at 254–55 (internal quotation marks and citation omitted). In Stubbs, however, the charging instrument did not indicate that the conduct at issue constituted "sexual abuse of a minor" as defined by the BIA. Id. at 255. Accordingly, this Court was unable to conclude that

_____

[2] The BIA's reference to the repeated admission during the immigration proceedings is mere surplusage and inessential to its ultimate finding.

3

Stubbs committed an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(A). Id. at 256.

In this case, however, the record of the criminal case provides adequate information to conclude that the petitioner was convicted of an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(A). The BIA has defined "sexual abuse of a minor" to include the use of a child to engage in sexually explicit conduct. In re Rodriguez-Rodriguez, 22 I. & N. Dec. 991, 996 (BIA 1999). By his own admission during the plea colloquy, Panesso engaged in "a sexual relation" with a minor. (AR 418.) Accordingly, Panesso has been convicted of an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(A) and he is statutorily ineligible for cancellation of removal under 8 U.S.C. § 1227(a)(2)(A)(iii). See Mercado v. Att'y Gen., 250 F. App'x 515, 518 (3d Cir. 2007) ("In this case . . . we can say with assuredness that Mercado's conviction constituted 'sexual abuse of a minor.' Looking to the charging instrument, plea colloquy, and 'explicit factual findings by the trial judge,' . . . it is clear that Mercado had sexual intercourse with a minor and thus, did 'use . . . a child to engage in . . . sexually explicit conduct.'")

For the foregoing reasons, we will deny the petition for review.