NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3040
_____

JOSE MEJIA-ORTIZ,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A046-054-538)
Immigration Judge:  Honorable Walter A. Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 14, 2011

Before:  RENDELL, VANASKIE and GARTH, Circuit Judges

(Opinion filed:  December 22, 2011 )
_____

OPINION OF THE COURT
_____

PER CURIAM

Jose Mejia-Ortiz, a native and citizen of the Dominican Republic and a permanent

resident of the United States, petitions for review of agency decisions denying his request

for cancellation of removal.  We agree with the respondent that we lack jurisdiction and

will, accordingly, dismiss the petition.

The Administrative Record (A.R.) reveals that the petitioner was charged with removability under 8 U.S.C. § 1227(a)(2)(C). A.R. 456. In response, he applied for cancellation of removal. A.R. 185–91. In an oral opinion issued March 24, 2011, Immigration Judge (IJ) Walter A. Durling applied standards used to guide "the exercise of *discretion* for cancellation," A.R. 65, concluding that the petitioner "[was] unable to show rehabilitation []or anything but perhaps a low-level of rehabilitative potential," A.R. 69 (emphasis added). Having weighed the applicable equities, IJ Durling determined "that it would not be in the best interest of the United States to grant this application" for cancellation of removal. A.R. 70.

On appeal to the BIA, the petitioner argued, essentially, that the IJ had erred in his exercise of discretion.[1] A.R. 24–29. The BIA dismissed the appeal, as IJ Durling had "correctly conclude[d] that the [petitioner did] not merit cancellation of removal in the exercise of discretion." A.R. 3; see also A.R. 4 ("[H]aving similarly considered and weighed the adverse factors evidencing the [petitioner's] undesirability as a permanent resident with the social and humane considerations presented [o]n his behalf . . . we find that [he] presented no arguments that would cause us to disturb the . . . conclusion that relief was not warranted . . . in the exercise of discretion."). This timely petition for review followed.

While Courts of Appeals have jurisdiction to review final orders of removal under

---

[1] Petitioner's notice of appeal to the BIA raised several additional grounds, such as the IJ's failure "to consider all of the evidence in [the] case," A.R. 53, that were not incorporated into his eventual agency brief.

2

8 U.S.C. § 1252(a)(1), that jurisdiction explicitly does *not* extend to "[d]enials of discretionary relief" under 8 U.S.C. § 1229b. See 8 U.S.C. § 1252(a)(2)(B)(i); see also Patel v. Att'y Gen., 619 F.3d 230, 232 (3d Cir. 2010). Despite this limitation on our power to review cancellation-of-removal decisions, we may nevertheless address constitutional claims or questions of law raised in a petition of review therefrom, so long as those matters are colorable. Pareja v. Att'y Gen., 615 F.3d 180, 186 (3d Cir. 2010).

The petitioner spends the majority of his opening brief arguing against the agency's weighing of equities. But the weighing of equities falls squarely within the heartland of processes that we cannot review: agency action resting purely on an exercise of discretion, rather than on, for example, an alien's statutory eligibility for the relief in question. We plainly lack jurisdiction over such a discretionary outcome.

The petitioner also appears to raise two additional claims for relief. First, he asserts that IJ Durling "concluded that he was not eligible for cancellation of removal because of his aggravated felony convictions." We "have always had jurisdiction to determine our own jurisdiction by engaging in an analysis of whether an alien was convicted of a[n] . . . aggravated felony." Stubbs v. Att'y Gen., 452 F.3d 251, 253 n.4 (3d Cir. 2006). Yet as we observed supra, IJ Durling did *not* deny relief under the aggravated-felony bar of 8 U.S.C. § 1229b(a)(3), but instead did so after a discretionary weighing of equities—the approach also taken by the BIA. The petitioner also contends that "his crime of gun possession is not one involving moral turpitude." This aside cannot confer jurisdiction on this tribunal, as the petitioner did not raise the argument or

3

its equivalent in front of the BIA, and it is hence jurisdictionally defective itself. <u>Lin v. Att'y Gen.</u>, 543 F.3d 114, 119 (3d Cir. 2008). Besides, it is irrelevant whether the crime of gun possession is one implicating "moral turpitude"; such a determination did not inform the basis of the agency's decisions, <u>see</u> <u>Konan v. Att'y Gen.</u>, 432 F.3d 497, 501 (3d Cir. 2005), and in any case, crimes of moral turpitude do not serve as a bar to cancellation-of-removal relief for permanent residents. <u>Compare</u> 8 U.S.C. § 1229b(a), <u>with</u> 8 U.S.C. § 1229b(b).

In sum, as the agency decisions were based solely on a judicially unreviewable exercise of discretion, and as the petitioner raises no colorable constitutional claims or questions of law that we would otherwise be able to address, we will dismiss his petition for review for lack of jurisdiction.