NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 11-2230

CARLOS ANDRES FRANCO,

*Petitioner*

v.

ATTORNEY GENERAL OF THE UNITED STATES,

*Respondent.*

On Petition for Review of an Order of the Board of Immigration Appeals
(Agency No. A. 044-464-077)

_____

Submitted Under Third Circuit LAR 34.1(a)
on February 7, 2012

Before: SLOVITER and VANASKIE, *Circuit Judges*, and PADOVA,[*]
*Senior District Judge*.

(Filed: February 23, 2012)

_____

OPINION OF THE COURT
_____

PADOVA, *Senior District Judge*

---

[*]The Honorable John R. Padova, Senior District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

Carlos Andres Franco ("Franco"), a native of Columbia, petitions for review of a final order of removal based on the determination of the Board of Immigration Appeals ("BIA") that he committed an aggravated felony pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii)[1] and 8 U.S.C. § 1101(a)(43)(A), which states that the term "aggravated felony" includes "sexual abuse of a minor." For the reasons that follow, we deny the petition for review.

I.

As we write exclusively for the benefit of the parties, we will forego a lengthy recitation of the facts. Franco is a native and citizen of Columbia, and a lawful resident of the United States. In June 2009, Franco pled guilty to endangering the welfare of a child under Section 2C:24-4(a) of the New Jersey Criminal Code, which provides, in relevant part, that anyone who "engages in sexual conduct which would impair or debauch the morals of a child . . . under the age of 16 is guilty of a crime . . . ." N.J. Stat. Ann. § 2C:24-4(a). During his plea colloquy, Franco admitted that between January 31, 1995, and January 30, 1997, he touched the breasts or vagina of a girl under the age of 16. According to the indictment, the girl was under the age of 13 and Franco was more than four years older than she at the time of the touching. Franco was over 18 by January 30, 1997, although he stated during the Plea Colloquy that he was under 18 when the incident occurred.

On August 17, 2010, the United States Department of Homeland Security ("DHS")

---

[1] "Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii).

issued Franco a Notice to Appear before an immigration judge to answer to the charge that he is subject to removal as an alien convicted of the aggravated felony of sexual abuse of a minor. Franco, represented by counsel, appeared and denied that he was removable. The Immigration Judge ruled that Franco's conviction under N.J. Stat. Ann. § 2C:24-4(a) constituted the aggravated felony of sexual abuse of a minor, and on November 23, 2010, ordered that he was removable. Franco appealed the Immigration Judge's decision to the BIA, and on April 18, 2011, the BIA affirmed. Franco then filed a timely appeal to this Court.

We have jurisdiction to hear this appeal pursuant to 8 U.S.C. § 1252(a). *See Stubbs v. Attorney Gen.*, 452 F.3d 251, 253 n.4 (3d Cir. 2006). Although we do not have jurisdiction to review a final order of removal against an alien found to have committed an aggravated felony, 8 U.S.C. § 1252(a)(2)(C), "we have always had jurisdiction to determine our own jurisdiction by engaging in an analysis of whether an alien was convicted of a non-reviewable aggravated felony." *Stubbs*, 452 F.3d at 253 n.4 (citations omitted). "We review *de novo* the legal question of whether [Franco's] offense is an aggravated felony." *Id.* (citing *Valansi v. Ashcroft*, 278 F.3d 203, 207 (3d Cir. 2002)).

II.

Our review of the BIA's order of removal is a two-step process. *See Restrepo v. Attorney Gen.*, 617 F.3d 787, 791 (3d Cir. 2010). First, we must determine the definition of "sexual abuse of a minor" in 8 U.S.C. § 1101(a)(43)(A). *Id.* Second, we determine whether

3

Franco's conduct falls within that definition, using either the categorical or modified categorical approach. *Id.* In *Restrepo*, we adopted 18 U.S.C. § 3509(a) as a guidepost for the definition of "sexual abuse of a minor" in 8 U.S.C. § 1101(a)(43)(A). *Id.* at 796. Section 3509(a) defines sexual abuse of a minor to include "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in . . . sexually explicit conduct . . . ." 18 U.S.C. § 3509(a)(8). Sexually explicit conduct includes the intentional touching "either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with the intent to . . . arouse or gratify sexual desire of any person." 18 U.S.C. § 3509(a)(9)(A).

In *Stubbs*, we applied the modified categorical approach to the review of a conviction under N.J. Stat. Ann. § 2C:24-4(a), because this statute criminalizes conduct "which both may and may not involve sexual abuse of a minor." *Stubbs*, 452 F.3d at 255 (quotation omitted). Applying the modified categorical approach, we consider the indictment, guilty plea, and plea colloquy to determine whether the alien necessarily admitted to conduct that constitutes the particular aggravated felony at issue. *See Thomas v. Attorney Gen.*, 625 F.3d 134, 144 (3d Cir. 2010) (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)). In *Stubbs*, we were unable to conclude that Stubbs' conviction constituted "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A) because the charging instrument did not specifically describe Stubbs' conduct and there were no other details about the offense. *Stubbs*, 452 F.3d at 252 n.1, 255.

The record in the instant case, in contrast, contains specific allegations and admissions which describe Franco's conduct. The indictment accuses Franco of "committing an act or acts of sexual contact upon T.F., a child less than 13 years of age," when Franco was "at least four years older than T.F." (App. 147.) At the plea colloquy, Franco pled guilty to count II of the indictment and admitted touching T.F. on her breasts or vagina for the purposes of sexual gratification. We conclude that this conduct falls within the definition of sexual abuse of a minor under 18 U.S.C. § 3509(a)(8), and thus constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(A).

Franco argues that this conduct does not constitute "sexual abuse of a minor" because he was too close in age to the victim. However, the record before us belies Franco's argument that he and the victim were close in age, as the indictment states that the victim was under the age of 13 and that Franco was more than four years older than she when the sexual contact occurred. Accordingly, we conclude that Franco's conduct is not excluded from the definition of "sexual abuse of a minor" based on his and the victim's ages.[2]

---

[2] The sources on which Franco relies are inapposite. In *Estrada-Espinoza v. Mukasey*, the Ninth Circuit excluded conduct from the definition of "sexual abuse of a minor" because the victim was either 15 or 16, relying heavily on a survey of state laws that set the age of consent at 16. 546 F.3d 1147, 1154-55, 1156 n.4 (9th Cir. 2008) (en banc). 18 U.S.C. § 2243, which defines the federal crime of sexual abuse of a minor, excludes conduct from being sexual abuse when one party is between 12 and 16 years of age and less than four years younger than the other party. 18 U.S.C. § 2243(a). The record in the instant case shows that Franco's victim was under the age of 13 and more than four years younger than Franco.

5

III.

We have considered all other arguments made by the parties on appeal, and conclude that no further discussion is necessary. For the foregoing reasons, we conclude that Franco's state conviction constituted the aggravated felony of "sexual abuse of a minor" in 8 U.S.C. § 1101(a)(43)(A), and we deny the petition for review.