NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1702
_____

RAFAEL CORPORAN,
                                        Petitioner

v.

THE ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals
(No. A044-129-887)
Immigration Judge:  Honorable Kenneth S. Hurwitz
_____

Argued April 16, 2013
_____

Before:  AMBRO, HARDIMAN, and COWEN, <u>Circuit Judges</u>

(Opinion filed: September 12, 2013)

Jack Wallace, Esquire
Immigration Law & Litigation Group
2964 Aviation Avenue, Suite 301
Miami, FL   33133

Jessica Zagier Wallace, Esquire    (**Argued**)
Carlton Fields
100 Southeast Second Street, Suite 4200
Miami, FL  33131

        Counsel for Petitioner

Eric H. Holder, Jr.
  Attorney General
Stuart F. Delery
  Acting Assistant Attorney General
  Civil Division
Thomas B. Fatouros          (**Argued**)
  Senior Litigation Counsel
Janette L. Allen, Esquire
Thomas W. Hussey, Esquire
Aaron R. Petty, Esquire
United States Department of Justice
Office of Immigration Litigation
Civil Division
P.O. Box 878
Ben Franklin Station
Washington, DC  20044

      Counsel for Respondent

_____

OPINION  OF  THE  COURT
_____

AMBRO, Circuit Judge

Rafael Corporan petitions for review of an Immigration Judge's ("IJ") order finding him removable under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii).  We grant in part, deny in part, and remand the case to the Board of Immigration Appeals ("BIA").

I.

In 2009, Corporan, a citizen of the Dominican Republic and lawful permanent resident of the United States, pled guilty to one count of conspiracy in violation of 18 U.S.C. § 371.  He was sentenced to five months' imprisonment and ordered to pay restitution (along with a co-conspirator) of $47,299.  Following that conviction, the

Department of Homeland Security ("DHS") charged Corporan as removable as an alien convicted of an "aggravated felony" defined in INA § 101(a)(43), 8 U.S.C. § 1101(a)(43). Specifically, DHS contended that he committed an offense that "involve[d] fraud or deceit in which the loss to the victim or victims exceed[ed] $10,000," 8 U.S.C. § 1101(a)(43)(M)(i). Corporan filed a motion for termination of the removal proceedings, arguing that his conviction was a hybrid offense under *Nugent v. Ashcroft*, 367 F.3d 162 (3d Cir. 2004). A hybrid offense is an offense described by two of § 1101(a)(43)'s definitions, and thus must meet the requirements of both in order to be an "aggravated felony." Corporan conceded that his was an offense involving fraud or deceit under § 1101(a)(43)(M)(i), but he argued that it was also a theft offense under § 1101(a)(43)(G), which requires a one-year prison sentence.

The IJ agreed that Corporan's was a hybrid offense under *Nugent* and determined that he was not removable because his conviction did not include the requisite one-year prison sentence under § 1101(a)(43)(G). As such, the IJ explained that "[t]he issue of whether respondent's fraud conviction resulted in the loss of more than $10,000[] need not be resolved."

On appeal, the BIA overturned the IJ's decision, determining that *Nugent* did not apply. The BIA held that Corporan was convicted of an offense involving fraud and deceit with a loss of $10,000 and "[he] is removable." On remand, the IJ ordered Corporan removed.

Corporan filed this petition for review, arguing that: (1) his offense was a hybrid offense under *Nugent*; and (2) in any event, the BIA erred by concluding that his offense

3

involved a loss of $10,000, as this is a factual finding that must be made by the IJ in the first instance.

## II.[1]

Corporan's first argument is now foreclosed. In *Al-Sharif v. United States Citizen and Immigration Services*, ___ F.3d ___, No. 12-2767, 2013 WL 4405689 (3d Cir. Aug. 19, 2013) (*en banc*), we rejected *Nugent*'s hybrid theory. Any "offense that 'involves fraud or deceit in which the loss to the victim exceeds $10,000' is an aggravated felony under § 1101(a)(43)(M)(i) regardless of whether it also meets the requirements of some other subparagraph [of § 1101(a)(43)]." *Id*. at *4. At the Court's request, the parties filed letter responses to *Al-Sharif*, and agree that Corporan's first allegation of error is not a viable ground for relief.

As to the loss amount—Corporan's second alleged error—the BIA erred by making a factual determination after the IJ explicitly declined to do so. *See* 8 C.F.R. § 1003.1(d)(3)(iv) ("[T]he Board will not engage in factfinding in the course of deciding appeals. . . . If further factfinding is needed in a particular case, the Board may remand the proceeding . . . ."). The loss to the victim under § 1101(a)(43)(M)(i) is a "circumstance-specific" calculation, *Kaplun v. Att'y Gen.*, 602 F.3d 260, 265 (3d Cir.

---

[1] We lack jurisdiction to review a removal order if the alien was convicted of an aggravated felony, 8 U.S.C. § 1252(a)(2)(C), but have jurisdiction to determine our jurisdiction, that is, to determine whether the petitioner was convicted of an aggravated felony. *Stubbs v. Att'y Gen.*, 452 F.3d 251, 253 n.4 (3d Cir. 2006). The Government argues that Corporan failed to exhaust the amount-of-loss issue because he did not raise it to the BIA after the IJ entered the removal order. We disagree. Under *Popal v. Gonzales*, we have jurisdiction to review an IJ's order that is "a mere ministerial act, taken to effectuate the unmistakable judgment of the BIA." 416 F.3d 249, 253 (3d Cir. 2005).

4

2010), which is determined by fact finding, *see Singh v. Att'y Gen.*, 677 F.3d 503, 513 (3d Cir. 2012) (considering evidence of loss amount); *In re Babaisakov*, 24 I. & N. Dec. 306, 319 (B.I.A. 2007) (same).

Thus, we grant the petition as to the loss amount, vacate the removal order, and remand to the BIA with instructions to remand to the IJ for a factual finding on this issue.[2]

---

[2] Reflecting the unusual posture of this case, our order vacates the final administrative order entered by the IJ. However, as is our practice, we remand to the BIA. *See Popal*, 416 F.3d at 255 n.6. The Government's Motion to Dismiss and Motion to Remand are denied as moot.