**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2634
_____

AKINTOYE OMATSOLA LAOYE,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-436-415)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 23, 2012

Before: SLOVITER, SMITH and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 27, 2012 )
_____

OPINION
_____

PER CURIAM

        Akintoye Omatsola Laoye petitions for review of the Board of Immigration

Appeals' ("BIA") denial of his motion to reconsider.  For the following reasons, we will

grant his petition.

I.      Background

Laoye, a native and citizen of Nigeria, entered the United States in September 1996, as a J-2 non-immigrant exchange visitor. He adjusted his status to non-immigrant student F-1 in 1998, when he attended college at Monmouth University.

In October 2003, Laoye was convicted in the New Jersey Superior Court, Monmouth County, for endangering the welfare of a child under N.J. Stat. Ann. § 2C:24-4(a). He was placed in removal proceedings and was detained by Immigration and Customs Enforcement ("ICE") in February 2004. Laoye was then found removable pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1277(a)(2)(A)(iii), as an alien convicted of an aggravated felony. However, in May 2006, the BIA granted Laoye's unopposed motion to reopen, and in June 2006, this Court held that a conviction under N.J. Stat. Ann. § 2C:24-4(a) does not constitute an aggravated felony under the Immigration and Nationality Act. Stubbs v. Att'y Gen., 452 F.3d 251 (3d Cir. 2006). Consequently, Laoye was released from ICE detainment in July 2006, and in 2007, the Government conceded that it could not sustain the aggravated felony removal charge in light of Stubbs.

However, in May 2006, Laoye was charged as removable pursuant to INA § 237(a)(1)(C)(i), 8 U.S.C. § 1227(a)(1)(C)(i), for failure to maintain full-time student status at Monmouth University. Laoye conceded that he was not a full-time student during the Fall 2002 semester and had not attended Monmouth University since 2003. Therefore, in February 2008, an Immigration Judge ("IJ") determined that Laoye was

2

removable as an "out of status" F-1 student, denied voluntary departure, and ordered him removed to Nigeria. The BIA denied his appeal. Laoye then filed a petition for review with this Court, arguing that he was not out of status because his absence from Monmouth University during the Fall 2002 semester was approved by the university and he was suspended in 2003. C.A. No. 08-4878. He also asserted that he was eligible for reinstatement of his F-1 student status because his ICE detention from 2004 to 2006 prevented him from maintaining his college studies due to circumstances beyond his control. We denied his petition. In an unpublished opinion filed in November 2009, we acknowledged Laoye's arguments and stated that we were "not unsympathetic to th[ese] claim[s,]" but could not consider them because the claims were unexhausted. We informed Laoye that to exhaust the claims, he must first file a motion to reopen before the IJ or the BIA. Laoye v. Att'y Gen., 352 F. App'x 714, 717 (3d Cir. 2009).

In September 2010, Laoye filed a motion to reopen to exhaust the claims related to his out of status charge and based on a pending U visa application. R. 158-61. He also filed a document, "Motion Disputing Out of Status Charge," in which he presented his arguments regarding his F-1 student status. He argued that he was not out of status because his initial absence from school in 2002 was approved medical leave under 8 C.F.R. § 214.2(f)(6)(iii)(B) and he was unable to return to school due to his ICE detainment, a circumstance beyond his control under 8 C.F.R. § 214.2(f)(16)(i)(F)(1). R.

3

110-19. The Government responded, addressing only Laoye's U visa application claim.[1] The BIA denied Laoye's motion to reopen on April 12, 2011, as number barred and untimely.[2] The BIA stated that Laoye did not demonstrate an exceptional situation to warrant sua sponte reopening, and noted that the pendency of Laoye's U visa did not provide a basis for reopening. The BIA did not address Laoye's F-1 student status arguments.

Laoye then filed a motion to reconsider and related documents, arguing that the BIA failed to discuss his F-1 student status arguments. R. 11-19, 24-30, 35-38, 51-55. The BIA denied Laoye's motion to reconsider in June 2011, stating that Laoye's arguments regarding his F-1 student status "do not address the issues in [its] previous April 12, 2011, decision, and are therefore misplaced." On July 17, 2011, Laoye filed a petition for review of the BIA's June 2011 order denying his motion to reconsider. The Government moves for summary denial of the petition for review.[3]

II.     Discussion

We have jurisdiction to review the BIA's denial of Laoye's motion to reconsider pursuant to 8 U.S.C. § 1252(a). We review the BIA's denial of a motion to reconsider for

---

[1] Laoye replied to the Government's response, filing additional documents discussing his U visa application and F-1 student status. R. 65-77, 82-84.

[2] While his 2008 petition for review was pending, Laoye had filed two motions to reopen, which were denied.

[3] The Government's motion for summary denial of the petition for review was referred to this merits panel.

abuse of discretion.  <u>Borges v. Gonzales</u>, 402 F.3d 398, 404 (3d Cir. 2005).  We will not disturb the BIA's decision unless it is "arbitrary, irrational, or contrary to law."  <u>Id.</u> (internal citation omitted).

The Government contends that Laoye has waived any challenge to the BIA's order denying his motion to reconsider because he failed to argue that the BIA's denial of his motion to reconsider was an abuse of discretion in his opening brief.  Although Laoye does not specifically address the BIA's denial of his motion to reconsider, Laoye argues that he was not afforded the opportunity to dispute the out of status charge and that he is eligible for a U visa.  These arguments were raised in his motion to reconsider.  We therefore conclude that Laoye has not waived review of the BIA's order denying his motion to reconsider.[4]  <u>Cf.</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (pro se pleadings should be construed liberally).

Upon review, we conclude that the BIA did abuse its discretion because of the basis on which it denied Laoye's motion to reconsider.  In his motion to reconsider, Laoye argued that the BIA failed to discuss his arguments regarding his F-1 student status.  The BIA dismissed this claim, stating that Laoye's arguments regarding his F-1

---

[4] In his brief, Laoye also argues that his right to due process was denied in his initial immigration proceeding.  Our review, however, is limited to the BIA's decision denying Laoye's motion to reconsider.  <u>See</u> <u>Nocon v. Immigration & Naturalization Serv.</u>, 789 F.2d 1028, 1032-33 (3d Cir. 1986); <u>see also</u> <u>Stone v. Immigration & Naturalization Serv.</u>, 514 U.S 386, 405-06 (1995) (timely motion to reconsider does not toll running of filing period for review of underlying removal order).

5

student status were misplaced because it was not an issue involved in his motion to reopen that was denied on April 12, 2011.

Review of the record, however, shows that Laoye did raise his F-1 student status arguments in his motion to reopen and related documents. Laoye had argued that he was not out of status because his initial absence from school in 2002 was approved medical leave under 8 C.F.R. § 214.2(f)(6)(iii)(B) and he was unable to return to school due to circumstances beyond his control under 8 C.F.R. § 214.2(f)(16)(i)(F)(1). Nevertheless, the BIA failed to address or acknowledge the F-1 student status issue in denying Laoye's motion to reopen in April 2011. Consequently, the F-1 student status arguments Laoye raised in his motion to reconsider were not misplaced, and the BIA's denial of Laoye's motion to reconsider was an abuse of discretion.[5] See Abdulai v. Ashcroft, 239 F.3d 542, 549-50 (3d Cir. 2001) (The BIA must "actually consider the evidence and argument that a party presents.").

Accordingly, we will grant Laoye's petition for review, vacate the BIA's decision, and remand the matter to the BIA for further proceedings in which the BIA should consider Laoye's arguments with respect to his student status. The Government's motion

_____

[5] We reach our conclusion to grant the petition for review exclusively by reason of procedural errors. We do not imply that review of Laoye's F-1 student status argument necessarily leads to the reopening of his case. See Zheng v. Att'y Gen., 549 F.3d 260, 272 (3d Cir. 2008).

To the extent that Laoye argues that the BIA improperly denied his motion to reconsider based on the pendency of Laoye's U visa, we find that the BIA did not abuse its discretion. See 8 C.F.R. § 214.14(c)(1)(ii) ("[t]he filing of a petition for U–1

6

for summary denial of the petition for review is denied.

---

nonimmigrant status has no effect on ICE's authority to execute a final order").