**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2865
_____

AKINTOYE OMATSOLA LAOYE,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-436-415)
Immigration Judge:  Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 19, 2014

Before: HARDIMAN, NYGAARD and ROTH, Circuit Judges

(Opinion filed: July 11, 2014)
_____

OPINION
_____

PER CURIAM

Akintoye Omatsola Laoye petitions for review of the Board of Immigration

Appeals' ("BIA") denial of his motion to reopen and terminate immigration proceedings.

For the following reasons, we will deny the petition.

Laoye, a native and citizen of Nigeria, entered the United States in 1996 as a non-immigrant exchange visitor. He adjusted to F-1 non-immigrant student status when he attended Monmouth University. In 2004, removal proceedings commenced on the basis of a conviction for endangering the welfare of a child, and Laoye was detained by Immigration and Customs Enforcement (ICE). Laoye was found removable for having committed an aggravated felony, but the Government later conceded that the charge could not be sustained in light of Stubbs v. Att'y Gen., 452 F.3d 251 (3d Cir. 2006). Laoye was released from detention in 2006.

The Government, however, brought a new charge against Laoye, alleging that he was removable for failure to maintain full-time student status at Monmouth University. See 8 U.S.C. § 1227(a)(1)(C)(i). At a hearing in 2007, Laoye conceded through counsel that he was not a full-time student during the Fall 2002 semester and had not attended Monmouth University since 2003. The Immigration Judge (IJ) determined that Laoye was removable as charged, and the BIA denied his appeal. Laoye sought judicial review, arguing that he was not "out of status" because Monmouth University had approved his absence for Fall 2002. He also contended that he was eligible for reinstatement of his F-1 student status because his ICE detention from 2004 to 2006 prevented him from pursuing his studies. We denied the petition, noting that Laoye's claims were not exhausted and that he must file a motion to reopen to exhaust them. Laoye v. Att'y Gen., 352 F. App'x 714, 717 (3d Cir. 2009).

Laoye then sought to reopen proceedings, raising the aforementioned claims, as

2

well as claims based on pending applications for reinstatement of his student status and for a U visa. The BIA denied Laoye's motion as number - and time-barred, addressing only the U-visa claim. Laoye moved for reconsideration, arguing that the BIA had failed to consider his F-1 student status arguments. The Board denied the motion. We vacated the BIA's denial of the motion for reconsideration on the basis of procedural error, i.e., the BIA's failure to acknowledge or address the student status arguments. The matter was remanded for consideration of those arguments. Laoye v. Att'y Gen., 459 F. App'x 162, 165 (3d Cir. 2012).

On remand, the BIA concluded that Laoye's arguments lacked merit because his evidence did not alter the fact that he failed to maintain full-time student status for the relevant time period. While the matter was on remand, Laoye filed a motion to reopen and terminate the immigration proceedings, in which he repeated his student status and U-visa arguments and raised a new claim of ineffective assistance of counsel. In its decision on remand, the BIA briefly addressed Laoye's other claims, noting that Laoye: (1) had not shown that reconsideration of the U-visa claim was warranted, (2) had not complied with the requirements of In re Lozada, 19 I. & N. Dec. 637 (BIA 1988), for proceeding with the ineffective assistance claim, and (3) had not demonstrated an exceptional situation that would warrant the sua sponte reopening of proceedings. Ultimately, the BIA again denied Laoye's prior motion for reconsideration, as well as his new motion to reopen and to terminate the proceedings. The present petition for review followed.

3

We have jurisdiction pursuant to 8 U.S.C. § 1252 and review the BIA's denial of Laoye's motions for an abuse of discretion. See Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011). We accord the BIA's decision "broad deference" and generally will not disturb it unless it is "arbitrary, irrational, or contrary to law." Id. (citation omitted).

Although the history of this case is somewhat complex, the issues before us now are straightforward. Laoye was found to be removable because he failed to maintain a "full course of study" in 2002 and 2003 as required for his F-1 student status. A "full course of study" is generally defined as twelve semester hours of undergraduate study per academic term. See 8 C.F.R. § 214.2(f)(6)(i)(B). Documents in the record showed that Laoye completed only six semester hours in the Fall of 2002 and had not attended Monmouth University since the Spring of 2003. In addition, Laoye conceded through counsel that he was out of status for the relevant time periods. Administrative Record ("A.R.") at 428-29, 436. The IJ found that Laoye was out of status and removable as charged, the BIA affirmed, and we held that substantial evidence supported the decision. Laoye, 352 F. App'x at 717.

We remanded this matter for the BIA to consider Laoye's student status arguments. On remand, Laoye argued that he should not be deemed removable for failing to maintain his student status because: (1) his reduced course load for the Fall 2002 semester was authorized due to a medical emergency, and (2) he was prevented from attending college thereafter due to his ICE detention. He relied primarily on three memos from a counseling psychologist at Monmouth University, in which the

4

psychologist "recommended" that Laoye not attend the Spring 2002 semester and withdraw from the Fall 2002 semester because of medical and legal problems. A.R. at 69-71. The memos also noted a hospitalization during the Fall 2002 semester that interfered with Laoye's studies. Id. The BIA concluded on remand that the memos only showed that Laoye may have acted on the recommendation of the counselor, but did not establish that he maintained his student status until he was detained by ICE. Indeed, although Laoye argues that his situation should have been approved for medical reasons, the counseling memos he provided do not purport to authorize or report the departure from full-time study in the manner required by regulation. See 8 C.F.R. § 214.2(f)(6)(iii)(A-E). The record, however, is replete with evidence of Laoye's failure to maintain full-time status for the charged time periods, including the concession through counsel, transcripts, and letters from university officials. A.R. at 64-68, 428-29, 436, 454-58, 461.

As for his contention that his detention was a circumstance beyond his control that prevented him from maintaining his student status or gaining reinstatement, see 8 C.F.R. § 214.2(f)(16)(i)(F)(1), the record again undermines the argument. We acknowledge that Laoye was initially confined for more than two years, starting on February 11, 2004, on an aggravated felony charge that was ultimately not sustainable. Although this undoubtedly affected his ability to continue with his studies, the fact remains that Laoye was already out of status before he was detained. In addition to his drop below the required semester hours during the Fall of 2002, Laoye's class schedule was cancelled for

5

the Fall 2003 semester, and the University suspended him for the Spring 2004 semester (and denied his appeal of that suspension) before he was taken into ICE custody. A.R. at 454. Furthermore, the record reflects that Laoye applied for reinstatement more than once, so his ability to seek reinstatement was not foreclosed by his detention. Accordingly, and in light of the evidence in the record, we conclude that the BIA did not abuse its discretion in determining that Laoye's student status arguments did not provide a basis for reopening the immigration proceedings.[1]

We now turn briefly to several other arguments made by Laoye. He contends he received ineffective assistance of counsel. However, Laoye did not comply with the procedural requirements of In re Lozada, so he cannot proceed with the claim. See Rranci v. Att'y Gen., 540 F.3d 165, 172 (3d Cir. 2008). To the extent he attempts to challenge the BIA's decision to deny sua sponte reopening of the proceedings, we generally lack jurisdiction to review that discretionary decision. See Calle-Vujiles v. Att'y Gen., 320 F.3d 472, 475 (3d Cir. 2003). Finally, Laoye makes a number of arguments based on documents regarding his current detention, which he takes as an indication that his proceedings have been reopened. Nothing in the record supports his arguments. Furthermore, any challenge to his current detention is not within the scope of the present case.

For these reasons, we will deny the petition for review.

---

[1] Laoye argues before us that he was denied a full and fair hearing regarding his loss of student status. The BIA, however, considered his arguments and evidence on remand.