ALD-287                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1114
_____

AKINTOYE OMATSOLA LAOYE,
                                                    Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-436-415)
Immigration Judge:  Honorable Eugene Pugliese

_____

Submitted for Possible Summary Action Pursuant
to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 30, 2015
Before:  CHAGARES, SCIRICA and RENDELL, Circuit Judges

(Opinion filed: August 17, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Akintoye Omatsola Laoye, proceeding pro se, petitions for review of a decision by the Board of Immigration Appeals ("BIA") denying his motion to reopen. The Government has moved for summary denial, arguing that no substantial question is presented on appeal. We will grant the Government's motion and will summarily deny the petition for review. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Laoye, a native and citizen of Nigeria, entered the United States in 1996 as a J-2 non-immigrant child of an exchange visitor and later adjusted to F-1 non-immigrant student status. In 2004, he was found removable for having committed an aggravated felony. The Government later conceded that the charge could not be sustained in light of Stubbs v. Att'y Gen., 452 F.3d 251 (3d Cir. 2006). However, the Government brought a new charge that Laoye was removable for failure to maintain full-time student status. See 8 U.S.C. § 1227(a)(1)(C)(i). Laoye was found removable on that basis in 2008, and the BIA denied his appeal. We denied his ensuing petition for review. Laoye v. Att'y Gen., 352 F. App'x 714, 717 (3d Cir. 2009).

After the BIA denied a motion for reconsideration, we granted Laoye's petition for review and remanded the case for the BIA to address certain arguments Laoye had raised regarding his student status. Laoye v. Att'y Gen., 459 F. App'x 162, 165 (3d Cir. 2012). On remand, the BIA determined that Laoye had failed to maintain full-time student status. We denied his subsequent petition for review. Laoye v. Att'y Gen., 572 F. App'x 88, 91 (3d Cir. 2014). Shortly thereafter, in September 2014, Laoye filed a motion to reopen his immigration proceedings. He argued that reopening was warranted because:

(1) his mother or wife could file an I-130 visa petition on his behalf; (2) the Immigration Judge ("IJ") erred when he found that Laoye was not eligible for adjustment of status because he lacked a waiver for the two-year foreign residence requirement; and (3) he should be allowed to present evidence that he had suffered from depression as a "defense" for his failure to maintain full-time student status. The BIA denied the motion on the basis that it was time- and number-barred and failed to qualify for any exception to those limitations. The Board also concluded that Laoye did not demonstrate an exceptional situation that warranted sua sponte reopening. The present petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252.[1] We review the BIA's denial of a motion to reopen for an abuse of discretion. Pllumi, 642 F.3d at 158. Such review is highly deferential, and the BIA's decision will not be disturbed unless it is "'arbitrary, irrational, or contrary to law.'" Id. (quoting Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006)). As a general rule, an alien may file only one motion to reopen and must do so within ninety days of the date of the final administrative decision. 8 U.S.C.

---

[1] We lack jurisdiction to review the BIA's discretionary decision to deny sua sponte reopening. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003). Although we may consider whether the denial of sua sponte reopening "is based on a false legal premise," Pllumi v. Att'y Gen., 642 F.3d 155, 160 (3d Cir. 2011), Laoye has not raised any legal arguments regarding the sua sponte determination in his case.

§ 1229a(c)(7)(A), (C)(i). Laoye did not acknowledge that his motion was time- and number barred,[2] nor did he attempt to qualify for any of the limited exceptions to the filing deadline. 8 U.S.C. § 1229a(c)(7)(C)(ii)-(iv). Furthermore, his arguments regarding his eligibility to file an I-130 application and alleged errors in his prior immigration hearings were irrelevant to the only exception that potentially might have been applicable – a motion to reopen seeking asylum or withholding of removal based on changed circumstances in the country of nationality. See 8 U.S.C. § 1229a(c)(7)(C)(ii). Accordingly, the BIA did not abuse its discretion in denying Laoye's motion to reopen as time- and number-barred.

On appeal, Laoye has failed to persuade us to hold otherwise. He asserts that he is eligible for asylum or withholding of removal due to the presence of the Boko Haram in Nigeria and his membership in an unspecified social group. Laoye did not exhaust this claim by raising it before the BIA, and we therefore lack jurisdiction to review it. See Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003). Although he mentioned in his motion to reopen that he was eligible for "asylum due to his being a member of a social group that will be persecuted," he did not explain the basis of that claim, provide any supporting evidence, or include an application for asylum. See 8 C.F.R § 1003.2(c)(1). Denial was thus appropriate, given his failure to comply with the requirements for motions to reopen seeking relief from removal. See Lin v. Att'y Gen.,

---

[2] Laoye has filed numerous motions to reopen since his immigration proceedings commenced in 2004, including at least four after the BIA dismissed his appeal in 2012.

700 F.3d 683, 689 (3d Cir. 2012). Laoye's assertion that the BIA violated his due process rights by ignoring his "request to file for asylum" is utterly meritless because he made no such request and, even if he had, he was required to affirmatively apply for the relief.

Laoye also asserts that the BIA abused its discretion by ignoring: (1) a supporting affidavit; and (2) his eligibility for adjustment of status in light of a waiver of the foreign residence requirement granted to his mother in 1997. There is no apparent basis for the first assertion because the administrative record does not reflect that Laoye filed an affidavit with his motion to reopen. As for the second assertion, Laoye's eligibility for adjustment of status is not relevant to the question of whether he satisfied an exception to the filing deadline for his motion to reopen. The BIA did not abuse its discretion by failing to expressly refute an irrelevant argument. See Zheng v. Att'y Gen., 549 F.3d 260, 268 (3d Cir. 2008) (noting that, so long as the BIA has "given reasoned consideration," it need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner") (citation omitted). Finally, Laoye argues that the statutory bar to a motion to reopen may be ignored when there is a violation of the movant's due process rights.[3] But none of the cases he cites supports this position or even involves the filing requirements for motions to reopen.

---

The BIA has denied all of the latter motions.

[3] Laoye claims his due process rights were violated when the IJ erroneously concluded that he was not eligible to adjust status due to the lack of a waiver. The Government contends that the IJ made no such determination in the 2008 decision.

For these reasons, we grant the Government's motion and will deny the petition for review.

---

However, the IJ did come to that conclusion in the 2005 decision.