DLD-123                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1280
_____

AKINTOYE OMATSOLA LAOYE,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-436-415)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted on the Government's Motion for Summary Action Pursuant
to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
February 2, 2017

Before:  CHAGARES, VANASKIE and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 15, 2017)
_____

OPINION[*]
_____

PER CURIAM

        Akintoye Omatsola Laoye, proceeding pro se, petitions for review of a decision by

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

the Board of Immigration Appeals ("BIA") denying his motion to reopen. The Government has moved for summary denial, arguing that no substantial question is presented on appeal. We will grant the Government's motion and will summarily deny the petition for review. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Laoye, a native and citizen of Nigeria, entered the United States in 1996 as a J-2 non-immigrant child of an exchange visitor and later adjusted to F-1 non-immigrant student status. In 2008, he was charged as removable for failure to maintain full-time student status. See 8 U.S.C. § 1227(a)(1)(C)(i). Laoye was found removable on that basis, and we denied his petition for review.

Laoye subsequently filed several motions to reopen, which the BIA denied. In October 2015, Laoye filed the present motion to reopen. He argued that his immigration proceedings should be reopened based on an error allegedly made by an Immigration Judge in 2005 and ineffective assistance of counsel in 2008. He contended that he was improperly advised that he was not eligible for adjustment of status. He also indicated that he wished to apply for asylum based on changed country conditions. In support of his asylum request, he pointed to the terrorist attacks by the Boko Haram group and argued, without explanation, that he would be persecuted in Nigeria as a member of an unspecified social group.

The BIA denied the motion on the basis that it was time- and number-barred and failed to qualify for any exception to those limitations. It noted that Laoye had not offered evidence of changed country conditions in Nigeria or complied with the

2

requirements for a claim of ineffective assistance of counsel. The Board also concluded that Laoye did not demonstrate an exceptional situation that warranted sua sponte reopening. Laoye filed the present petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252.[1] We review the denial of a motion to reopen for abuse of discretion. Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006). We may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). As a general rule, an alien may file only one motion to reopen and must do so within ninety days of the date of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C)(i). There is an exception to the time and number requirements for motions to reopen that rely on material evidence of changed circumstances arising in the country of nationality. 8 C.F.R. § 1003.2(c)(3). Also, the deadline for motions to reopen may be equitably tolled on the basis of ineffective assistance of counsel. See Mahmood v. Gonzales, 427 F. 3d 248, 251 (3d Cir. 2005). Equitable tolling, however, is an extraordinary remedy. Id. at 253.

In his brief, Laoye argues that his proceedings should be reopened due to an error made by the IJ in 2005. He claims that the IJ wrongly informed him that he was not eligible for an adjustment of status. He contends that his wife or mother, who are

---

[1] Laoye does not explicitly challenge the BIA's refusal to sua sponte reopen his proceedings. Without a showing of the "settled course" exception to our rule against review of BIA orders denying sua sponte reopening, we lack jurisdiction over that aspect of the BIA's decision. See Sang Goo Park v. Att'y Gen., No. 16-1795, 2017 WL 164321,

citizens, could now file a visa petition on his behalf. However, he does not explain how these allegations meet the standards for motions to reopen. In our opinion denying a previous petition for review, we explained to Laoye that his eligibility to adjust his status is not relevant to whether he satisfied an exception to the filing deadline for a motion to reopen. Laoye v. Att'y Gen., 624 F. App'x 791, 793 (3d Cir. 2015) (per curiam). While Laoye alleges ineffective assistance of counsel, he did not meet the requirements for such a claim as set forth in In re Lozada, 19 I. & N. Dec. 637 (BIA 1988).

We also previously rejected as unexhausted Laoye's arguments that he was entitled to apply for asylum based on changed circumstances. We noted that "he did not explain the basis of that claim, provide any supporting evidence, or include an application for asylum." Id. Laoye again raises this argument and again does not support it. While his motion to reopen included an application for asylum, the application is not filled out with any supporting information or signed. The BIA did not abuse its discretion in determining that Laoye had not shown changed country conditions.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, we will summarily grant the Government's motion for summary action and deny the petition for review. See Third Circuit I.O.P. 10.6.

---

at *8 (3d Cir. Jan. 17, 2017).

4